UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

Michelle Arazoza,

                Plaintiff,                          **ANSWER**

     v.                                      9:24-cv-00437
                                              (AMN-CFH)

Tobias Shelley, Onondaga County, et al,

                Defendants.

---

Defendants Tobias Shelley ("Sheriff Shelley") and Onondaga County (the "County") (together, the "Defendants"), as and for an Answer to the Complaint of plaintiff Michelle Arazoza (the "Plaintiff"), state as follows:

1. With respect to the allegations contained Paragraph 1 of the Complaint, **admit** that Plaintiff participated in a virtual arraignment from the County Justice Center, but **deny** all other allegations contained in Paragraph 1 of the Complaint.

2. With respect to the allegations contained in Paragraph 2 of the Complaint, to the extent that the allegations contain legal conclusions, no response is required.  To the extent that a response is required, **admit** that, prior to Plaintiff's arraignment, Plaintiff was exhibiting symptoms of a mental illness and/or distress, but **deny** that Defendants "made no effort to accommodate" Plaintiff's mental illness and/or distress exhibited prior to her arraignment.  **Lack knowledge or information** sufficient to form a belief as to the truth of whether Plaintiff was denied the ability to speak with her attorney by telephone at the Justice Center prior to her virtual arraignment, but **deny** the allegation to the extent that it alleges that Defendants denied Plaintiff and her attorney the ability to speak to one another in person at the Justice Center prior to her

arraignment. The Complaint speaks for itself regarding the damages Plaintiff seeks in this action. Defendants **deny** all other allegations contained in Paragraph 2 of the Complaint not specifically addressed herein.

3. With respect to the allegations contained in Paragraphs 3 and 4 of the Complaint, entitled "Jurisdiction and Venue", such allegations constitute Plaintiff's characterization of this action and are jurisdictional statements that do not require a response. To the extent a response is required, **admit** having County offices, or principal places of business, located in the Northern District of New York judicial district, and that Plaintiff's virtual arraignment at issue occurred in Northern District of New York judicial district, but **deny** the truth of all other allegations contained in Paragraphs 3 and 4 of the Complaint.

4. With respect to the allegations contained in Paragraph 6 of the Complaint, **admit** that Sheriff Shelley is the current sheriff of the County and, as such, is the head of the County Sheriff's Office ("OCSO"); is an elected official; and has supervisory authority over all OCSO staff. However, **deny** all other allegations contained in Paragraph 6 of the Complaint.

5. With respect to the allegations of Paragraph 7 of the Complaint, **admit** that the County is a municipal corporation and political subdivision of New York State, and the County receives certain federal funding, but **deny** all other allegations of Paragraph 7 of the Complaint.

6. With respect to the allegations contained in Paragraph 17 of the Complaint, **admit** that the Courts and Justice Center use the Microsoft Teams video conferencing application for virtual arraignments; the Judge, defense counsel, and prosecutor all participate in the arraignment by video conference ("Virtual Arraignment"); and an inmate requiring constant supervision joins the Virtual Arraignment from their cell at the Justice Center; however Defendants **deny** that all

inmates participate in Virtual Arraignments from their cells at the Justice Center. In addition, Defendants **deny** all other allegations contained in Paragraph 17 of the Complaint.

7. With respect to the allegations contained in Paragraph 18 of the Complaint, **lack knowledge or information** sufficient to form a belief as to the truth of whether in-person arraignments resumed in Syracuse City Court afternoon sessions of the Centralized Arraignment Part ("CAP") in June 2021, but **admit** all other allegations in Paragraph 18 of the Complaint.

8. With respect to the allegations contained in Paragraph 25 of the Complaint, state that, to the extent the allegations contain legal conclusions, no response is required. To the extent that a response is required, **deny** that Plaintiff's constitutional rights were violated, and **lack knowledge or information** sufficient to form a belief as to the truth of all other allegations contained in Paragraph 25 of the Complaint.

9. With respect to the allegations contained in Paragraph 26 of the Complaint, **admit** that issues with virtual court appearances were raised in various communications to and with Sheriff Shelley, but **deny** that no actions have been taken to address such issues with Virtual Arraignments. Lack knowledge or information sufficient to form a belief as to the truth of all other allegations contained in Paragraph 26 of the Complaint.

10. With respect to the allegations contained in Paragraph 29 of the Complaint, **admit** that Plaintiff was arrested by the Syracuse Police Department ("SPD") and transported to the Justice Center on June 21, 2023. **Lack knowledge or information** sufficient to form a belief as to the truth of all other allegations in Paragraph 29 of the Complaint.

11. With respect to the allegations contained in Paragraph 32 of the Complaint, **admit** that Plaintiff was examined by a nurse during intake at the Justice Center, the nurse recommended Plaintiff be placed on constant supervision and evaluated by the Justice Center's mental health

staff. **Lack knowledge or information** sufficient to form a belief as to the truth of all other allegations in Paragraph 32 of the Complaint.

12. With respect to the allegations contained in Paragraph 37 of the Complaint, **admit** that deputy sheriffs saw Plaintiff was naked before her Virtual Arraignment, but **deny** all other allegations in Paragraph 37 of the Complaint.

13. With respect to the allegations contained in Paragraph 38 of the Complaint, **deny** that Plaintiff's requests for clothing were ignored, and **lack knowledge or information** sufficient to form a belief as to the truth of all other allegations contained in Paragraph 38 of the Complaint.

14. With respect to the allegations contained in Paragraph 46 of the Complaint, **deny** that Plaintiff was denied the ability to speak with her attorney in person prior to her arraignment, and **lack knowledge or information** sufficient to form a belief as to the truth of all other allegations contained in Paragraph 46 of the Complaint.

15. State that, since the allegations contained in Paragraphs 48 and 49 of the Complaint contain l**egal conclusions**, no response is required. To the extent that a response is required, **deny** the truth of the allegations contained in Paragraphs 48 and 49 of the Complaint.

16. State that, since the allegations contained in Paragraphs 11, 12, 13, 14, 15, 20, 21, 22, 25, 27, and 28 of the Complaint are **statements and/or legal conclusions**, no response is required. To the extent a response is required, Defendants **lack knowledge or information** sufficient to form a belief as to the truth of the allegations contained in Paragraph numbers 11, 12, 13, 14, 15, 20, 21, 22, 25, 27, and 28 of the Complaint.

17. **Admi**t the allegations contained in Paragraphs 16, 19, 23, 24, 30, 31, 33, and 35 of the Complaint.

18. **Deny** the allegations contained in Paragraphs 41, 48, 49, 50, 51, 52, and 53 of the Complaint.

19. **Lack knowledge or information** sufficient to form a belief as to the truth of the allegations contained in Paragraphs 5, 8, 9, 10, 27, 28, 32, 36, 39, 40, 42, 43, 44, 45, 46, and 47 of the Complaint.

20. **Deny** any and all allegations not otherwise specifically addressed herein.

## FIRST DEFENSE

21. The County is a public corporation and political subdivision of the state.

22. Sheriff Shelley and each deputy sheriff of the OCSO is or was a police officer employed by County in an official capacity.

23. The County has a statutory obligation to indemnify its employees for an act or omission in an official capacity.

24. Sheriff Shelley and OCSO deputy sheriffs acting in an official capacity do not have a legal identity different from the County.

25. Plaintiff's action against Sheriff Shelley and any deputy sheriffs may not be prosecuted or maintained because it is duplicative of a cause of action against the County.

## SECOND DEFENSE

26. Any act or omission of Defendants and Defendants' employees and/or agents was a reasonable, in good faith, and discretionary act or omission in the performance of a governmental function.

27. Defendants have immunity from a Plaintiff's damages claim arising out of Defendants' reasonable, in good faith, and discretionary act or omission in the performance of a governmental function.

28. Plaintiff's action may not be prosecuted or maintained as a result of this immunity.

### THIRD DEFENSE

29. Defendants had no special relationship to Plaintiff.

30. Defendants are entitled to qualified immunity from any claim of damages arising out of Defendants' reasonable, in good faith, and ministerial act or omission in the performance of a governmental function with respect to which Defendants had no special relationship to Plaintiff.

### FOURTH DEFENSE

31. The Complaint fails to state a cause of action upon which relief may be granted.

### FIFTH DEFENSE

32. Any damages alleged to have been sustained by Plaintiff were caused or contributed to, in full or in part, by the culpable conduct and/or carelessness, comparative negligence and/or assumption of risk of Plaintiff, and not by any culpable conduct on the part of Defendants.

33. The total amount of damages otherwise recoverable by Plaintiff shall be diminished in the proportion which the culpable conduct attributable to Plaintiff bears to the culpable conduct which caused the damages.

### SIXTH DEFENSE

34. If the liability of Defendants for Plaintiff's non-economic loss is fifty percent or less of the total liability assigned to all those liable, the liability of Defendants to Plaintiff for non-economic loss shall not exceed Defendants' equitable share determined in accordance with the relative culpability of each of those causing or contributing to the total liability for Plaintiff's non-economic loss.

### SEVENTH DEFENSE

35. Upon information and belief, Plaintiff has failed to mitigate her damages.

**EIGHTH DEFENSE**

36. The County is a political subdivision of the state.

37. Punitive damages may not be awarded against the County or against any of its employees in their official capacity.

**NINTH DEFENSE**

38. Plaintiff's Complaint fails to state a cause of action for punitive damages.

**TENTH DEFENSE**

39. To the extent that damages of Plaintiff, if any, were caused or contributed to, in whole or in party by intervening or superseding causative factors, Plaintiff's claims against Defendants should be barred.

40. Defendants reserve the right to raise additional defenses, which may become known during further investigation and discovery in this matter.

Demand for Relief

41. Defendants demand a judgment dismissing the Complaint.

42. Defendants demand a judgment diminishing the amount of damages otherwise recoverable by Plaintiff in the proportion which the culpable conduct attributable to Plaintiff caused her damages.

43. Defendants demand a judgment diminishing the amount of damages for any economic loss otherwise recoverable by Plaintiff by the amount of Plaintiff's economic loss that was or will be replaced or indemnified from collateral sources.

44. Defendants demand a judgment that they recover from Plaintiff the costs and disbursements of this action.

45. Defendants request such other and further relief as the Court deems just and proper.

Dated:  May 17, 2024

                                        */s/ Katherine B. Felice*
                                        Katherine B. Felice
                                        Senior Deputy County Attorney
                                        Bar Roll Number: 700775
                                        Attorney for Defendants
                                        Onondaga County Department of Law
                                        John H. Mulroy Civic Center, 10th Fl.
                                        421 Montgomery Street
                                        Syracuse, NY 13202
                                        T: (315) 435-2170   F: (315) 435-5729
                                        Email: katherinefelice@ongov.net


C:      Via CM/ECF
          Joshua T. Cottar, Esq.
          Legal Services of Central New York, Inc.
          Attorneys for Plaintiff
          221 South Warren Street, 3rd Fl.
          Syracuse, New York 13202
          (315) 703-6579